IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

1) GABRIEL HERNANDEZ-AYALA,
a/k/a Gabi
2) HECTOR MIGUEL RIVERA, a/k/a Chupi
3) LUIS CHAYANE VAQUERO-AYALA, a/k/a Chayane

Defendants

CRIMINAL 07-0301CCC

**SEALED**
**O R D E R**

In its sealed Motion to Reconsider Restitution Order filed on July 12, 2010 (docket entry 250), defendant Gabriel Hernández-Ayala not only requests reconsideration of the restitution order but also states that he "objects to the court's denial of docket no. 227." See p. 3 at 250. This objection refers to the Court's June 17, 2010 Order (docket entry 244) denying defendant's sealed Motion Requesting Order (docket entry 227).

Before addressing the specific requests of that Motion, the Court must make reference to the charges against defendant Hernández-Ayala set forth in the August 1, 2007 Indictment. Count One charges that on May 31, 2007 he and two other defendants aiding and abetting each other committed a crime of violence, specifically carjacking, "with the intent to cause death or serious bodily harm to ATM," by using force, violence or intimidation. Count Two charges that during and in relation to such carjacking, Hernández-Ayala and the codefendants knowingly used, carried and brandished a black pistol, of unknown brand, caliber and serial number.

The March 15, 2010 sealed Motion (docket entry 227) essentially addresses the issue of restitution, thereby stating at paragraph 3 that Mr. Hernández-Ayala was investigating "any programs under the Commonwealth of P.R. [that] had or will be reimbursing the victim for the losses reported." At paragraph 4 of that Motion, defendant informs that his counsel contacted a technician for the Victim and Witness Assistance Division and another technician for the Compensation to Crime Victims' Office, both of the Department of Justice

of the Commonwealth of Puerto Rico, and observed that "[t]here appears to be evidence that the victim was referred and assistance was provided by the local Department of Justice, but due to the confidential nature of the information sought the investigation was not successful."[1] Defendant then proceeded to request two orders: "(a) an order directing the Victim and Witness Assistance Division of the Puerto Rico Department of Justice to provide a copy to the Federal Public Defender or his representative of all reports and/or documents regarding Angel Tirado Morales; and (b) an order directing the Compensation to Crime Victims' Office of the Puerto Rico Department of Justice to provide a copy to the Federal Public Defender or his representative of all reports and/or documents regarding Angel Tirado Morales." Defendant submitted two sealed forms of orders for the Court's signature that included a one-line order to each of those divisions for them to provide to the Federal Public Defender copies of all reports and/or documents regarding Angel Tirado-Morales. This motion was denied without providing reasons for it seemed obvious to the Court that the persons who pled guilty to having participated in the armed carjacking involving the victim's vehicle and also admitted to having inflicted bodily injury upon him were not entitled to receive, as requested, from the very entities that were protecting ATM as a victim of defendant's criminal conduct "copies of all reports and/or documents regarding Angel Tirado-Morales." In his Plea Agreement dated August 17, 2009 (docket entry 192), defendant stipulated that a two-level increase was warranted because he inflicted bodily injury on the victim. The sentencing guidelines calculations also stipulated by the defendant at pararaph 7 of the Agreement reflect that the victim was abducted and that the offense involved the use of a dangerous weapon. The Version of Facts attached and incorporated to the Plea Agreement was adopted as accurate by the defendant. The same includes details about the physical and mental abuse that the victim suffered at the hands of Hernández-Ayala and the other two defendants the evening when they removed him by force from his vehicle, drove him blindfolded to a location where he was bound, hands and

---

[1] In his last Motion on the matter (docket entry 250), defendant Hernández-Ayala at page 9 states: "It should be noted that on May 17, 2010, Mr. Edwin Carrión-Soto, Assistant Director, Victim and Witness Protection and Assistance Division, Commonwealth of P.R. Justice Department, Bureau of Special Investigations, <u>certified</u> that ATM was referred to his Division on August 27, 2007, and that on September 19, 2007 he was paid $2800.00 for rent expenses."

legs behind his back hogtie style and kept him there after midnight in order to withdraw an additional $500 from his ATM card.  It was Hernández-Ayala who obtained the victim's ATM card and pin number by hitting him "about the face with his fists."  Page 1 of Version of Facts.  The Motion seeking wholesale copies of all reports and documents in possession of the entities which provided ATM assistance as a victim not only lacked merit but represented a risk to the safety of the victim.

      Defendant Hernández-Ayala states at page 7 of docket entry 250 that "the court curtailed Mr. Hernández' lawful efforts to obtain complete accounting of the losses by unfairly denying the motion requesting orders on docket no. 227."  The Court is left to wonder exactly how a motion requesting all of the victim's records in possession of a victim's protection program results in unfairness to the defendant.  The Court deems the references to docket entry 227 and the Court's Order denying it (**docket entry 244**) as a motion to reconsider its blanket request for confidential documents pertaining to the motion made in docket entry 227 and, as such, reaffirms its prior ruling and DENIES the reconsideration requested.  The remaining portions of the sealed motion to reconsider restitution order (docket entry 250) which are unrelated to docket entry 227 and 244 will be ruled upon by separate order.

      SO ORDERED.

      At San Juan, Puerto Rico, on August 9, 2010.

      S/CARMEN CONSUELO CEREZO
      United States District Judge